STATE OF NEBRASKA, EX REL. GRANT S. COBB, v. JACOB FAWCETT, JUDGE.[*]

FILED JANUARY 8, 1902. No. 12,467.

Commissioner's opinion, Department No. 1.

MANDAMUS: BILL OF EXCEPTIONS: MATTERS IN JUDGE'S MIND. Matters merely in the judge's mind, and which were in no way a part of the public proceedings at a hearing, are not properly a part of a bill of exceptions, and one who is refused a bill of exceptions unless such matters are incorporated is entitled to a writ of mandamus to compel the settling of a bill which shows the actual proceedings.

ORIGINAL application for a writ of mandamus to compel the settling of a bill of exceptions. *Writ granted.*

[*]Rehearing allowed. Writ denied.

*Brome & Burnett, Virgil O. Strickler* and *J. H. McIntosh,* for relator.

*Greene, Breckenridge & Kinsler,* contra.

HASTINGS, C.

In this case, on application for the settling of a bill of exceptions as to a hearing on November 18, 1901, on a motion to vacate an order of July 8, 1901, the trial court insists on having incorporated a number of statements of things within his personal and official knowledge at the time he made the order of July 8. Relators insist that they have a legal right to a bill of exceptions showing simply what was done on November 18, and that the judge can not attach any conditions to such right. In our opinion, the relators disclose a right to a peremptory writ. The respondent admits that the affidavits shown in the bill of exceptions were tendered in evidence at the hearing on November 18, and that no other evidence was. The matters which respondent seeks to have added relate wholly to what the judge knew "personally and officially." In our view, what the judge knew "personally and officially," if no public utterance of it was made at the hearing, would have no more to do with this bill of exceptions than would what any one else knew who kept his knowledge to himself. The matters, moreover, seem to be wholly as to what moved the action of July 8. The office of a bill of exceptions is to exhibit to the appellate court those portions of the public proceedings at the trial which the complaining party deems material for the appellate court's consideration, and which would otherwise not get into the record. His right to have it settled is a legal right, which is enforceable by mandamus. *State v. Dickinson,* 58 Nebr., 56. The trial court has no right to burden the appellant with any such conditions as to the insertion of matters which did not publicly transpire and which the judge merely had in mind. It is not claimed that the matters demanded to be added before respondent will settle the bill were any part of the public

proceedings, or in any way were a part of the hearing of November 18, except as being in the judge's mind.

It is recommended that a peremptory writ issue, requiring respondent to settle and sign the bill of exceptions tendered by relators.

DAY and KIRKPATRICK, CC., concur.

By the Court: For the reasons stated in the foregoing opinion the writ is granted.

WRIT GRANTED.